UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PAYMENT LOGISTICS LIMITED,

Plaintiff,

v.

LIGHTHOUSE NETWORK, LLC, et al.,

Defendants.

Case No.: 18-cv-0786-L-AGS

**PROTECTIVE ORDER**

The Court recognizes that at least some of the materials sought through discovery in the above-captioned action are trade secret or other confidential research, development, or commercial information that, for competitive reasons, is normally kept confidential. The purpose of this Stipulation and Protective Order ("Order") is to protect the confidentiality of such materials as much as practical during the course of discovery and to expedite the flow of materials, facilitate prompt resolution of disputes over confidentiality, adequately protect confidential materials, and ensure that protection is afforded only to material so entitled. Pursuant to Federal Rules of Civil Procedure Rule 26(c), IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES AND ORDERED BY THE COURT:

1. PURPOSE AND LIMITATIONS

    1.1    Discovery materials covered by this Order shall be used solely for the above-captioned matter except as otherwise provided herein.

    1.2    This Order is to protect information produced in discovery that is confidential, proprietary, or private in nature and which may require special protection from public disclosure. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and is limited to the protections described herein.

    1.3    Nothing in this Order shall be construed as requiring a party to produce or disclose information not otherwise required to be produced under the applicable rules or

1

orders of the Court. Production or disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" material pursuant to this Order shall not prejudice the right of the producing party to maintain trade secret status or confidentiality of that information in other contexts. Nor does this Order prejudice the rights of any party to challenge the protected status pursuant to the provisions below or otherwise object to or challenge materials produced in discovery.

2. <u>DEFINITIONS</u>

2.1 <u>Party</u>: Any named party to this Action, including its officers, directors, employees, consultants, retained experts and outside counsel (and their staff).

2.2 <u>Non-Party</u>: Any individual, corporation, association or other natural person or entity that is not a named party to this Action.

2.3 <u>Discovery Material</u>: All documents, items, or other information, regardless of the medium or manner generated, stored or maintained (including without limitation, testimony, transcripts, or tangible things) that are produced or generated in response to discovery requests in this matter.

2.4 <u>Action</u>: This lawsuit, captioned *Payment Logistics Limited v. Lighthouse Networks LLC, et al.*, United States District Court for the Southern District of California Case No. 18-cv-0786-L-AGS, or any related action.

2.5 <u>Counsel</u>: Outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

MoginRubin LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101

Montgomery McCracken Walker &
Rhoads, LLP
1735 Market Street
Philadelphia, PA 19103

McNamara Smith LLP
655 W. Broadway, Suite 1600
San Diego, CA 92101

Counsel does not include employees of a Party or Non-Party.

2

2.6 <u>"CONFIDENTIAL" Information</u>:  Information (regardless of how generated, stored or maintained), testimony, or tangible things obtained during discovery in this Action that the Disclosing Party reasonably and in good faith believes contains or would disclose non-public, confidential, personal, proprietary, customer, client or commercially sensitive information, confidential trade secrets, or non-public research that requires protections under this Order including, but not limited to, any information that constitutes confidential information under the Federal Rules of Civil Procedure Rule 26(c) or other applicable law, rule, or regulation.  CONFIDENTIAL Information shall <u>not</u> include information that is public or that becomes public other than by act or omission of the Receiving Party including inadvertent disclosure by a Disclosing Party; disclosed in connection with any governmental public filing or securities offering and could not reasonably be assumed to be or have been intended to be kept confidential; or was created earlier than 10 years prior to the date this Action was commenced.

2.7 <u>"HIGHLY CONFIDENTIAL" Information</u>: "CONFIDENTIAL" Information that the Disclosing Party reasonably and in good faith believes contains financial data, pricing and cost information, customer lists, business strategy, trade secrets and other commercial or financial information, the disclosure of which to another Party or Non-Party would create a substantial risk of causing the Disclosing Party to suffer significant competitive or commercial disadvantage.  HIGHLY CONFIDENTIAL Information shall <u>not</u> include information that is public or becomes public other than by act or omission of the Receiving Party including inadvertent disclosure by a Disclosing Party or by a person who has no legal right to make the information public; disclosed in connection with any governmental public filing or securities offering and could not reasonably be assumed to be or have been intended to be kept confidential; or was created earlier than 10 years from the date this Action was commenced.

2.8 <u>"CONFIDENTIAL – FOR COUNSEL ONLY" Information</u>: "CONFIDENTIAL" Information that the Disclosing Party reasonably believes to be so highly sensitive that disclosure may be made to Counsel only and contains customer or

client personal data (including but not limited to social security numbers, personal banking and electronic payment information or other personal financial information, personal telephone numbers and addresses), employee information, business strategy or plans, sales or marketing strategies that have been the subject of careful efforts to maintain their secrecy such that disclosure to existing or business competitors or customers would create an actual and significant risk of irreparable injury to the current and ongoing business, commercial, competitive or financial interests of the Disclosing Party, or materials that the Disclosing Party reasonably believes may subject them to some form of retaliation by a Party. Other than Information the Disclosing Party designates based on fear of retaliation, CONFIDENTIAL – FOR COUNSEL ONLY Information shall <u>not</u> include information that is public or becomes public other than by act or omission of the Receiving Party, including inadvertent disclosure by a Disclosing Party, or by a person who has no legal right to make the information public; disclosed in connection with any governmental public filing or securities offering and could not reasonably be assumed to be or have been intended to be kept confidential; or was created earlier than 10 years prior to the date this Action was commenced.

2.9    <u>Protected Material</u>: Discovery Material that is designated CONFIDENTIAL, HIGHLY CONFIDENTIAL and CONFIDENTIAL – FOR COUNSEL ONLY.

2.10    <u>Disclosing Party</u>: A Party or Non-Party that produces Discovery Materials in this Action.

2.11    <u>Receiving Party</u>: Any person or entity that receives Discovery Material from a Disclosing Party in this Action.

2.12    <u>Designating Party</u>: A Party or Non-Party that designates Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL – FOR COUNSEL ONLY.

2.13    <u>Expert</u>: A person who is not an owner, director, officer or employee of a Party, who has specialized knowledge or experience in a matter pertinent to this litigation, and who has been retained by a Party to serve as an expert witness or consultant in the

4

prosecution or defense of this Action, including his or her employees and support personnel. This definition includes, without limitation, professional jury or trial consultants retained in connection with this litigation.

2.14 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, or retrieving data in any form or medium,) and their employees and subcontractors.

3. <u>GENERAL RULES</u>

3.1 Each Party and Non-Party that produces Discovery Material may designate the same as CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL – FOR COUNSEL ONLY.

3.2 Each Disclosing Party shall make a good faith effort to denominate information as CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL – FOR COUNSEL ONLY only as needed so as to provide the greatest level of disclosure possible under the circumstances.

3.3 The provisions of this Order cover Protected Material as well as any copies derived therefrom.

3.4 Nothing in this Order shall prevent or restrict a Producing Party's disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall prevent a Producing Party from showing its Protected Material to an individual who prepared, received, or is the subject of the Discovery Material.

3.5 Nothing in this Order shall restrict in any way the use or disclosure of Discovery Materials that are (i) in the public domain at the time of disclosure, or become part of the public domain after their disclosure as a result of publication not involving a violation of this Order; (ii) known to the Receiving Party prior to disclosure, or obtained by the Receiving Party after disclosure from a source who obtained the information lawfully and under no obligation of confidentiality; (iii) previously produced, disclosed and/or provided during the course of the litigation without a confidentiality designation

5

and not by inadvertence or mistake; (iv) used or disclosed with the consent of the Designating Party; or (v) pursuant to Court order.

3.6     Nothing in this Order shall restrict a Producing Party's use or disclosure of Discovery Materials that are designated as Protected Material by another Party or Non-Party, provided that the Producing Party complies with this Order.

3.7     Nothing in this Order shall be construed to preclude any Party's or Non-Party's right to file any Protected Material with the Court under seal.  This Order is without prejudice to the right of any Party or Non-Party to seek further or additional protection of any material or seek modification of this Order in any way.

4.  DESIGNATING PROTECTED MATERIAL

4.1     The Disclosing Party may, subject to the provisions of this Order, designate Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "CONFIDENTIAL – FOR COUNSEL ONLY."  The Disclosing Party shall apply a confidential designation only when the party has a reasonable, good faith basis that the information so designated constitutes "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "CONFIDENTIAL – FOR COUNSEL ONLY" material.  The Disclosing Party must take care to limit any such designation to the specific qualifying material.

4.2     Except as otherwise provided in this Order, it is stipulated between the Parties or ordered by the Court, that all Discovery Material must be designated for protection under this Order by clearly designating the material before it is disclosed or produced.  Mass, indiscriminate, or routinized designations are prohibited unless expressly allowed by this Order or by federal statute or regulation.

4.3     The designation of Discovery Materials as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "CONFIDENTIAL – FOR COUNSEL ONLY" shall be made as follows:

        a)     For produced documents, by imprinting the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "CONFIDENTIAL – FOR

6

COUNSEL ONLY" on the face of each page of a document so designated, and in a similarly conspicuous location for non-document materials.

b) For written discovery responses, by imprinting the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" next to or above any response to a discovery request, or on each page of a response if the entire page contains Protected Material.

c) For Electronically Stored Information ("ESI"), by either (1) imprinting "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "CONFIDENTIAL – FOR COUNSEL ONLY" on the face of each page of a document so designated; (2) affixing a stamp with "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" on the medium on which the electronic data is stored when copies are delivered to a Receiving Party, provided that all information stored on the medium qualifies as Protected Material; or (3) if it is impractical to stamp the designation on each page, identifying the materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" in the production transmittal cover letter.

d) For depositions, by indicating in the record at the deposition which portions of the transcript and/or responses shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY." Alternatively, within fourteen (14) days after closing of the deposition, the Designating Party may designate such transcript or recording or any relevant portion or portions thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that are to be treated as Protected Materials and providing the appropriate designation.

e) For all other Discovery Material, by conspicuously placing or affixing on each page that contains qualifying information the corresponding "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY"

7

designation in such a manner that will not interfere with the legibility thereof.

4.4    If a Designating Party comes to realize that material designated for protection does not qualify at all or at the level of initial designation, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.    <u>INADVERTENT FAILURE TO IDENTIFY MATERIALS AS "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY"</u>:  Any Party that inadvertently fails to identify Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" shall, promptly after its discovery of the oversight, make the appropriate designation.  The Designating Party shall provide the Receiving Party written notice of the designation and substituted copies of the pertinent Discovery Material bearing the appropriate designation.  The Receiving Party shall thereafter treat the information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY."  To the extent such information may have been disclosed to anyone not authorized to receive the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" Discovery Material under the terms of this Order, the Receiving Party shall notify the Disclosing Party in writing and make reasonable efforts to retrieve the Discovery Material promptly and avoid any further disclosure. Inadvertent failure to designate qualified Discovery Materials does not, if promptly corrected and standing alone, waive a Designating Party's right to secure protection under this Order.

6. <u>ACCESS TO AND USE OF PROTECTED MATERIALS</u>

6.1    <u>Disclosure of CONFIDENTIAL Discovery Materials</u>:  Except as otherwise ordered by the Court or agreed to by the Disclosing Party, Discovery Material designated CONFIDENTIAL may be disclosed to:

a)    The parties' Counsel;

b)    The parties' in-house counsel, legal assistants and other legal staff for each of the parties to whom disclosure is reasonably necessary for this Action.  Parties that

8

do not employ in-house counsel may each designate, and identify to the other parties, one officer, director or employee in the place of in-house counsel pursuant to this provision;

c)     The Receiving Party's owners, officers or executives to whom disclosure is reasonably necessary for discovery in this Action;

d)     The Court and all persons assisting the Court in this Action and any appellate court in this Action;

e)     Court reporters, their staff, video operators transcribing deposition testimony in this Action and Professional Vendors to whom disclosure is reasonably necessary for discovery in this Action;

f)     Persons who Counsel have a good faith belief are authors, recipients or subjects (including those referenced as "cc" or "bcc" recipients on a document) of the CONFIDENTIAL Discovery Material or who had access to or authority to access or obtain such CONFIDENTIAL Discovery Material in the normal course of business, including but not limited to such person's co-workers and supervisor(s) at or after the time the Discovery Material was created;

g)     Any person who is a current employee of the Disclosing Party;

h)     Any witness who is called, or who Counsel has a good faith belief may be called, to testify at deposition in this Action, provided that such person has either (1) executed the Acknowledgment of Protective Order attached as Exhibit A ("Acknowledgement"); or (2) been provided with a copy of this Order and, as shall be memorialized in the files of the Party seeking the testimony, has been informed of the obligation not to disclose information from Protected Material to persons other than those authorized by this Order;

i)     Any Expert to whom disclosure is reasonably necessary for this Action, provided that the Expert has executed the Acknowledgment;

j)     Any Professional Vendors to whom disclosure is reasonably necessary for this litigation;

k)     Any mediator or arbitrator assigned or retained to hear this Action and

9

their staff; and

l) Any other person or entity who counsel for the Disclosing Party agrees in good faith, memorialized in writing, may have access to CONFIDENTIAL Discovery Material or who the Court Orders may have access.

6.2 <u>Disclosure of HIGHLY CONFIDENTIAL Discovery Materials</u>: Except as otherwise ordered by the Court or agreed to by the Disclosing Party, Discovery Material designated HIGHLY CONFIDENTIAL may be disclosed to:

a) The parties' Counsel;

b) No more than four (4) of the Receiving Party's owners, officers or executives and in-house counsel who have signed the Acknowledgement and to whom disclosure is reasonably necessary for discovery in this Action, except that the Disclosing Party may, within five (5) days of learning of the owners', officers' or executives' and in-house counsel's identification, petition the Court to challenge their status as a person to whom HIGHLY CONFIDENTIAL INFORMATION may be disclosed. No HIGHLY CONFIDENTIAL Discovery Material will be disclosed to such person pending the Court's determination absent consent by the Disclosing Party;

c) The Court and all persons assisting the Court in this Action and any appellate court in this Action;

d) Court reporters, their staff, video operators transcribing deposition testimony in this Action and Professional Vendors to whom disclosure is reasonably necessary for discovery in this Action;

e) Persons who Counsel have a good faith belief are authors, recipients or subjects (including those referenced as "cc" or "bcc" recipients on a document) of the HIGHLY CONFIDENTIAL Discovery Material or who had access to or authority to access or obtain such HIGHLY CONFIDENTIAL Discovery Material in the normal course of business, including but not limited to such person's co-workers and supervisor(s) at or after the time the Discovery Material was created;

f) Any person who is a current employee of the Disclosing Party;

10

g)      Any witness whose deposition has been noticed in this Action, provided that such person has either (1) executed the Acknowledgment; or (2) been provided with a copy of this Order and, as shall be memorialized in the files of the Party seeking the testimony, has been informed of the obligation not to disclose information from Protected Material to persons other than those authorized by this Order;

h)      Any Expert to whom disclosure is reasonably necessary for this Action, provided that the Expert has executed the Acknowledgment;

i)      Any Professional Vendors to whom disclosure is reasonably necessary for this litigation;

j)      Any mediator or arbitrator assigned or retained to hear this Action and their staff; and

k)      Any other person or entity who counsel for the Disclosing Party agrees in good faith, memorialized in writing, may have access to HIGHLY CONFIDENTIAL Discovery Material or who the Court Orders may have access.

6.3    <u>Disclosure of CONFIDENTIAL – COUNSEL EYES ONLY Discovery Materials</u>: Except as otherwise ordered by the Court or agreed to by the Disclosing Party, Discovery Material designated CONFIDENTIAL – COUNSEL EYES ONLY may be disclosed to:

a)      The parties' Counsel;

b)      The Court and all persons assisting the Court in this Action and any appellate court in this Action;

c)      Court reporters, their staff, video operators transcribing deposition testimony in this Action and Professional Vendors to whom disclosure is reasonably necessary for discovery in this Action;

d)      Persons who Counsel have a good faith belief are authors, recipients, or subjects (including those referenced as "cc" or "bcc" recipients on a document) of the CONFIDENTIAL – COUNSEL EYES ONLY Discovery Material or who had access to or authority to access or obtain such CONFIDENTIAL – COUNSEL EYES ONLY

11

Discovery Material in the normal course of business, including such person's supervisor(s) at or after the time the Discovery Material was created;

e) Any person who is a current employee of the Disclosing Party;

f) Any witness whose deposition has been noticed in this Action, provided that such person has either (1) executed the Acknowledgment; or (2) been provided with a copy of this Order and, as shall be memorialized in the files of the Party seeking the testimony, has been informed of the obligation not to disclose information from Protected Material to persons other than those authorized by this Order, and further provided that the witness (i) is an author, addressee or recipient of the CONFIDENTIAL – COUNSEL EYES ONLY Discovery Material; or (ii) is a source or subject of the CONFIDENTIAL – COUNSEL EYES ONLY Discovery Material; or (iii) is a current or former employee of the Designating Party;

g) Any Expert to whom disclosure is reasonably necessary for this Action, provided that the Expert has executed the Acknowledgment;

h) Any Professional Vendors to whom disclosure is reasonably necessary for this litigation;

i) Any mediator or arbitrator assigned or retained to hear this Action and their staff; and

j) Any other person or entity who counsel for the Disclosing Party agrees in good faith, memorialized in writing, may have access to CONFIDENTIAL – COUNSEL EYES ONLY Discovery Material or who the Court Orders may have access.

6.4 For depositions in which CONFIDENTIAL – FOR COUNSEL ONLY Discovery Material is disclosed, the Disclosing Party shall have the right to exclude from attendance any other person other than the deponent, Counsel, the court reporter, and other persons agreed upon pursuant to this Order during such time that CONFIDENTIAL – FOR COUNSEL ONLY material is being presented to the witness.

6.5 Counsel shall retain the original copies of executed Acknowledgment forms and need not disclose who has executed them during the course of this Action.

# 7. DISCLOSURE OF DISCOVERY MATERIAL PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE

7.1    This Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection including, but not limited to, the attorney-client privilege and work product doctrine, and is without prejudice to any other party's right to contest such a claim of privilege or protection.

7.2    Consistent with Federal Rule of Evidence 502(b), if a Party or Non-Party notifies any other Party that it disclosed Discovery Material that is protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection.

7.3    If a Disclosing Party believes that privileged material was produced, the Disclosing Party shall notify in writing any Receiving Party to which it produced the material of the claim of privilege or protection and the basis for such claim to the extent required by Federal Rule of Civil Procedure Rule 26.  Within five (5) business days of receipt, the party to whom the privileged material was disclosed shall certify that all such Discovery Material has been returned or destroyed.

7.4    If a Receiving Party determines that it has received Discovery Material that is privileged, it shall destroy or return all copies of such Discovery Material to the Disclosing Party within ten (10) days of the discovery of such information and shall certify to the Disclosing Party that the Discovery Material has been destroyed or returned.  Where appropriate, the Disclosing Party will provide a redacted version of the Discovery Material to the Receiving Party within five (5) days of being notified of the production of privileged Discovery Material.

7.5    Should the party to whom privileged material was produced seek to challenge the designation of such material as privileged or protected, it shall notify the Disclosing Party in writing and not use or disclose the Discovery Material until the claim is resolved.

13

The parties shall meet and confer to resolve any disagreement concerning privilege or protected designations; if the parties cannot resolve their disagreement, the party objecting to the designation may present the issue to the Court for resolution. The Discovery Material shall be treated as protected or privileged pursuant to the designation made by the Producing Party while the motion is pending. If the Court determines that the material is privileged or protected, the Receiving Party shall destroy or return the Discovery Materials to the extent it has not already done so within five (5) days of the Court's ruling.

8. <u>NON-PARTY PROTECTED MATERIAL</u>

    8.1    The Parties shall include a copy of this Order with any discovery request made to a Non-Party in this Action. All Non-Parties receiving this Order shall execute and return the Acknowledgment to the requesting Party. Nothing in this Order prohibits any Party from seeking and enforcing compliance with any discovery request made to a Non-Party.

    8.2    All Non-Parties to this Action from whom Discovery Material is sought may designate such material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" where appropriate and in a manner consistent with this Order.

9. <u>RESPONSIBILITY FOR COMPLIANCE</u>: Counsel who discloses "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" shall be responsible for assuring compliance with the terms of this Order and shall obtain and retain the original Acknowledgments executed by qualified recipients of the Protected Material. If it comes to a Party's or Non-Party's attention that Discovery Materials that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify all other Parties that it is withdrawing the mistaken designation. All enforcement matters concerning disclosure of Protected Materials shall be governed solely by this Order.

/ / /

/ / /

14

10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u> <u>OTHER LITIGATION</u>

10.1   Nothing in this Order shall prevent any Receiving Party from producing any Discovery Materials in its possession to another person in response to a subpoena, compulsory process, or other request, provided, however, that if a Receiving Party receives a subpoena or other compulsory process seeking production or other disclosure of Discovery Materials that have been designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL – FOR COUNSEL ONLY, it shall,   unless prohibited by applicable law, give written notice to counsel for the Disclosing Party within three (3) days, and shall enclose with the written notice a copy of the subpoena, compulsory process, or other or other request.   The Receiving Party that received the subpoena, compulsory process, or other request shall allow at least twenty-one (21) days' written notice before production of the requested Discovery materials shall be made, and in no event shall production or other disclosure be made before notice is given to the Disclosing Party, the Disclosing Party has had a reasonably opportunity to seek a protective order against production or other appropriate relief, and the court from which such an order is sought has ruled on the request.   Nothing in this Order shall be construed as authorizing or requiring a Receiving Party to disobey any law, court order, information request, or subpoena from any federal or state agency or regulatory organization, or as limiting the authority of the Court, but the Receiving Party must notify the Disclosing Party and refrain from producing materials within the time frames given above in Paragraph 10.

11. <u>CHALLENGES TO DESIGNATIONS AND ACCESS</u>:  If, at any time, a Party objects to a designation of Discovery Materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY," or disputes the access to be accorded such information under the terms of this Order, that Party shall notify the Disclosing Party, in writing, of its disagreement and identify the information or restriction on access in dispute.  Following receipt of such notification, counsel for the disputing party and Disclosing Party shall meet and confer in an effort to resolve the

15

disagreement in good faith. If the parties are unable to resolve the disagreement informally, the disputing party may thereafter petition the Court to challenge the designation or restriction on access. While the disputing party must initiate the motion before the Court, it is the burden of the Disclosing Party to demonstrate that the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" designation is appropriate. The Discovery Material that is the subject of the dispute will retain its original designation until the challenging party's motion is resolved. A Party does not waive its right to challenge a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" designation by not electing to mount such a challenge promptly after the original designation is made. Nothing in this section or Order shall prejudice a Party's ability to seek relief from or modify the provisions of this Order or to move the Court concerning the production, exchange, or use of any Discovery Material in the course of this Action not covered by this Order.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL: If a Receiving Party learns that it has inadvertently disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom the unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons execute the Acknowledgement. The Parties agree to use best efforts to cure any inadvertent unauthorized disclosure through the process described above. The inadvertent disclosure of Protected Material shall not waive a Designating Party's right to secure protection under this Order.

13.     USE AND DISCLOSURE OF INDEPENDENTLY OBTAINED INFORMATION: Nothing herein shall impose any restriction on the use or disclosure by a Party of publicly available information, of information lawfully available to that Party, or of information that lawfully came into the possession of the Party independent of any disclosure of Discovery

16

Material made in this Action.

14. <u>ADVICE TO CLIENT</u>:  Nothing in this Order will bar or otherwise restrict Counsel from rendering advice to his or her client with respect to this Action or from generally referring to or relying on "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" Discovery Material  in rendering such advice, so long as Counsel does not specifically disclose the substance of  the Discovery Material to the client in a manner that would violate the provisions of this Order.

15. <u>DURATION, RETURN OF PROTECTED MATERIAL</u>:  All provisions of this Order governing the use of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" Discovery Material shall continue to be binding after the conclusion of this Action unless otherwise agreed or ordered by the Court. Within sixty (60) days of the conclusion of this Action, whether by entry of a final order of dismissal, judgment, settlement, disposition on appeal or otherwise (and where the time for any further appeals has expired), the Parties shall make commercially reasonable efforts to either return such materials and copies thereof to the Disclosing Party or destroy such materials and certify to that destruction.  The Parties are not required to return or destroy any Protected Material that is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes.  Counsel shall also be permitted to keep a copy of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" to the extent that it is incorporated into any pleadings, motions or other work product.  In that case, Counsel shall continue to treat the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY" Discovery Material in accordance with this Order.

16. <u>EFFECT ON OTHER AGREEMENTS</u>:  Except as otherwise agreed to in writing, nothing in this Order shall be construed to effect, amend, or modify any existing agreements between any of the Parties or Non-Parties hereto.

/ / /

/ / /

17

17. <u>MISCELLANEOUS PROVISIONS</u>

17.1   This Order notwithstanding, no Party waives its rights to make other objections or responses to discovery requests including, without limitation, interrogatories, requests for admissions, requests for production of documents, or questions at deposition.

17.2   Nothing within this Order will be construed to prevent disclosure of Protected Material if such disclosure is consistent with the procedures of Paragraph 10 inclusive of subparts, is required by law, or by order of the Court.

17.3   A Party that seeks to file any Protected Material under seal must comply with Civil Local Rule 79.2.   Protected Material may only be filed under seal pursuant to Court order authorizing the sealing of the specific Protected Material at issue.   Motions to file documents under seal shall be filed and served in accordance with the Court's electronic filing procedures.   Any Party or other person or entity wishing to oppose the application must contact the chambers of the judge who will rule on the application to notify the Court that such opposition will be filed.

17.4   The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Protected Material with anyone if that person already has, or obtains, legitimate possession of that information.

17.5   The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, on its own order at any time in these proceedings. The parties respectfully request that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED.**

Dated:  9/7/2018

Hon. Barbara L. Major
United States Magistrate Judge

18

## **EXHIBIT A**

## **ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I CERTIFY THAT I HAVE RECEIVED A COPY OF THE PROTECTIVE ORDER DATED _____ ("ORDER").

I FURTHER CERTIFY THAT I HAVE READ OR AM OTHERWISE FAMILIAR WITH AND UNDERSTAND THE CONTENTS OF THE ORDER.

I UNDERSTAND AND AGREE TO COMPLY WITH THE STANDARDS AND PROCEDURES WHICH ARE SET FORTH IN THE ORDER. I UNDERSTAND THAT COMPLIANCE WITH THESE STANDARDS AND PROCEDURES IS A CONDITION OF RECEIPT OF CONFIDENTIAL MATERIAL, HIGHLY CONFIDENTIAL MATERIAL OR CONFIDENTIAL – FOR COUNSEL ONLY MATERIAL       AND THAT A FAILURE TO COMPLY MAY CONSTITUTE CONTEMPT OF THE COURT AND/OR VIOLATION OF APPLICABLE LAWS. I AGREE TO CONSENT TO JURISDICTION OF THIS COURT FOR THE PURPOSE OF ENFORCING THIS PROTECTIVE ORDER.

_____          _____
DATE SIGNED                                              NAME (PLEASE PRINT)

                                                                    _____
                                                                    ADDRESS

                                                                    _____
                                                                    TELEPHONE NUMBER

                                                                    _____
                                                                    SIGNATURE

18-cv-0786-L-AGS