1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   PAYMENT LOGISTICS LIMITED,              Case No.:  18-cv-0786-L-AGS

12                              Plaintiff,
                                            **ORDER GRANTING**
13   v.                                     **APPLICATIONS TO FILE UNDER**
                                            **SEAL [Docs. 60, 71, 76, 79, 83]**
14   LIGHTHOUSE NETWORK, LLC;
     SHIFT4 CORPORATION; AND SHIFT4
15   PAYMENTS, LLC,

16                              Defendants.

17

18         Pending before the Court are a number unopposed applications to file under seal

19   portions of Plaintiff Payment Logistics Limited's ("PLL") Amended Complaint ("FAC")

20   and portions of the briefing related to Defendants' Lighthouse Network, LLC, Shift4

21   Corporation, Shift4 Payments, LLC ("Shift4") motion to dismiss [docs. 60, 71, 76, 79, 83].

22   For the reasons which follow, each application is GRANTED.

23         Sealing court records implicates the "general right to inspect and copy public records

24   and documents, including judicial records and documents." *Nixon v. Warner Commc'ns,*

25   *Inc.*, 435 U.S. 589, 597 & n.7 (1978).  The lack of opposition to a motion to seal therefore

26   does not automatically resolve it.  *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d

27   1128, 1130 & *passim* (9th Cir. 2003).  Aside from "grand jury transcripts and warrant

28

1

materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id.* at 1178. The compelling reasons standard applies to all motions except those that are only "tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Plaintiff's motion for class certification, which Defendant seeks to oppose in part through documents it wants to have sealed, is more than tangentially related to the merits. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 & n.6 (2011) (although in ruling on class certification the court does not decide the merits of the case, the inquiry overlaps with the merits inquiry); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (the merits of a plaintiff's substantive claims are often highly relevant in determining whether to grant class certification).

To meet its burden, the moving party must make a "particularized showing," *Kamakana,* 447 F.3d at 1180 (internal quotation marks and citation omitted) and, further,

> must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (internal quotation marks, brackets and citations omitted).

Both parties' requests are based primarily on the highly sensitive nature of documents PLL refers to and quotes in its FAC. These documents bear relevance to Shift4's internal discussions regarding business research, business strategy, projections, operation, and other confidential, proprietary, and sensitive information. The trade secret nature of these documents is sufficient to meet the compelling reasons standard. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption [in favor of access to documents.]") (citing *EEOC v. Erection Co. Inc.*, 900 F.2d 168, 170 (9th Cir. 1990)). Accordingly, each application is granted to the extent Shift4's confidential business records are at issue.

For the foregoing reason, each application to seal is GRANTED. The Clerk is directed to file under seal the following: (1) the redacted portions of FAC, (2) portions of Shift4's memorandum of points and authorities in support of Shift4's motion to dismiss PLL's FAC, (3) the redacted portions of PLL's opposition to Shift4's motion to dismiss, (4) the redacted portions of PLL's counter motion to Shift4's request for judicial notice and exhibits, and (5) the redacted portions of Shift4's reply memorandum of points and authorities in support of Shift4's motion to dismiss.

**IT IS SO ORDERED.**

Dated: June 14, 2019

Hon. M. James Lorenz
United States District Judge