UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYMENT LOGISTICS LIMITED,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LIGHTHOUSE NETWORK, LLC;<br>SHIFT4 CORPORATION; AND SHIFT4<br>PAYMENTS, LLC,<br><br>　　　　　　　　　　Defendants. | Case No.:  18-cv-0786-L-AGS<br><br>**ORDER GRANTING APPLICATIONS TO FILE UNDER SEAL [Docs. 99, 105, 108, 111]** |

　　Pending before the Court are four unopposed applications to file under seal portions of Plaintiff Payment Logistics Limited's ("PLL") Second Amended Complaint ("SAC") and portions of the briefing related to Defendants' Lighthouse Network, LLC, Shift4 Corporation, Shift4 Payments, LLC ("Shift4") motion to dismiss [docs. 99, 105, 108, 111]. For the reasons which follow, each application is GRANTED.

　　Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).  Aside from "grand jury transcripts and warrant

1

materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id.* at 1178. The compelling reasons standard applies to all motions except those that are only "tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

To meet its burden, the moving party must make a "particularized showing," *Kamakana,* 447 F.3d at 1180 (internal quotation marks and citation omitted) and, further,

> must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (internal quotation marks, brackets and citations omitted).

The instant requests are based primarily on the highly sensitive nature of documents referred to and quoted in its SAC. These documents bear relevance to Shift4's internal discussions regarding research and development, business strategy, projections, operation, and other confidential, proprietary, and sensitive information. The trade secret nature of these documents suffices to meet the compelling reasons standard. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that

2

could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption [in favor of access to documents.]") (citing *EEOC v. Erection Co. Inc.*, 900 F.2d 168, 170 (9th Cir. 1990)). Accordingly, each application to seal [docs. 99, 105, 108, 111] is GRANTED. The Clerk is directed to file under seal the following: (1) the redacted portions of SAC, (2) portions of Shift4's memorandum of points and authorities in support of Shift4's motion to dismiss PLL's SAC, (3) the redacted portions of PLL's opposition to Shift4's motion to dismiss, and (4) the redacted portions of Shift4's reply memorandum of points and authorities in support of Shift4's motion to dismiss.

**IT IS SO ORDERED.**

Dated: March 3, 2020

Hon. M. James Lorenz
United States District Judge